IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYALTON McCAMEY, | No. 2:10-CV-2553-KJM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| FURMER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Pending before the court is plaintiff's motion for an extension of time (Doc. 48) to file an opposition to defendants' motion for summary judgment. Because plaintiff has now filed his opposition within the time provided in the court's May 23, 2012, order, the current motion for an extension of time will be denied as unnecessary.

Also before the court is plaintiff's motion for the appointment of counsel (Doc. 49). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the

1

1  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935
2  F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
3  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success
4  on the merits and the ability of the plaintiff to articulate his claims on his own in light of the
5  complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is
6  dispositive and both must be viewed together before reaching a decision.  See id.

7           In the present case, the court does not at this time find the required exceptional
8  circumstances.  First, as to plaintiff's ability to articulate his own claims, plaintiff has been able
9  thus far to present a complaint stating cognizable claims for relief, plaintiff has been able to
10 litigate this action through the discovery process on his own, and he has been able to present a
11 cogent opposition to the pending motion for summary judgment.  For these reasons, the court
12 finds that plaintiff has the demonstrated ability to articulate his claims on his own.  Second, as to
13 the merits of the case, the issue currently before the court on defendants' motion for summary
14 judgment is whether plaintiff can show deliberate indifference, or whether this case merely
15 presents a medical negligence claim.  The issue is not particularly complex, and the court cannot
16 say at this time that plaintiff has a strong likelihood of defeating defendants' summary judgment
17 motion.  Given the foregoing, the court finds that the requisite exceptional circumstances for
18 appointment of counsel do not currently exist.

19           Defendants' motion for summary judgment will be addressed by separate findings
20 and recommendations.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (Doc. 48) is denied as unnecessary; and

2. Plaintiff's motion for the appointment of counsel (Doc. 49) is denied.

DATED: June 25, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE